**FILED
CLERK**

8/25/2016 4:44 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EDWARD BROOKS,

                                                      Plaintiff,

                           -against-

NASSAU COUNTY, MADELINE SINGAS, *Nassau County District Attorney*, DETECTIVE PATRICK J. CARROLL, *Nassau County P.D.*, DETECTIVE JOHN J. MARMARO, *Nassau County P.D.*, NASSAU COUNTY COURT, JEFFREY GRODER, *Attorney at Law*, ANDREW A. MONTELEONE, *Attorney at Law*, MEGAN RHA,

                                              Defendants.
------------------------------------------------------------------------X

**ORDER**
16-CV-1896 (JMA)(AKT)

**AZRACK, United States District Judge:**

      On April 11, 2016, incarcerated pro se plaintiff Edward Brooks ("plaintiff") filed a in forma pauperis complaint in this Court against Nassau County, the Nassau County District Attorney Madeline Singas ("DA Singas"), Nassau County Detective Patrick J. Carroll ("Det. Carroll"), Nassau County Detective John J. Marmaro ("Det. Marmaro"), the Nassau County Court, Jeffrey Groder, Esq. ("Groder"), Andrew A. Monteleone, Esq. ("Monteleone") and Megan Rha, Esq. ("Rha" and collectively, "defendants") pursuant to 42 U.S.C. § 1983 ("Section 1983"), alleging a deprivation of his constitutional rights. The original application to proceed in forma pauperis, filed together with the complaint, was incomplete. (See ECF No. 2.) Accordingly, by Notice of Deficiency dated April 26, 2016, (the "Notice"), plaintiff was instructed to complete and return the enclosed application to proceed in forma pauperis within fourteen (14) days from the date of the Notice. On May 6, 2016, plaintiff timely filed a complete application to proceed in forma pauperis. The Court grants plaintiff's request to proceed in forma pauperis and sua sponte

1

dismisses the complaint, in part, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)−(iii), 1915A(b) for the reasons that follow.

## I.  BACKGROUND[1]

Plaintiff seeks to challenge his on-going underlying state court criminal prosecution. According to the information maintained by the New York State Unified Court System, plaintiff is a defendant in case number 01229N-2015 in Nassau County Court, Criminal Term. See https://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcome (last visited on August 19, 2016).  Plaintiff was arrested on March 11, 2015, was indicted on August 7, 2015, and entered a plea of not guilty to several charges, including criminal possession and sale of narcotics in violation of N.Y. Penal Law § 220.39.  (Id., see also Compl. at 3 ¶¶ 1−2.)[2]

Plaintiff alleges that he was arrested during a "'buy and bust' sting operation conducted by defendants Carroll and Marmaro[.]"  (Compl. at 3 ¶ 1.)  Plaintiff claims that these detectives lacked probable cause to arrest him.  (Id. at 3−4 ¶¶ 2, 6.)  Rather, plaintiff claims to have been "simply a passenger in the vehicle of his co-defendant, Joshua Moore."  (Id. at 3 ¶ 4.)  Plaintiff alleges that Joshua Moore ("Moore") pleaded guilty and admitted "that he alone sold a sum of heroin to an undercover officer[.]"  (Id. at 3–4 ¶ 5.)  In addition, plaintiff alleges that Groder, Rha and Monteleone provided ineffective assistance of counsel in connection with their representation of plaintiff as defense counsel in the underlying state court criminal case.  (Id. at 4−6.)  According to the complaint, these attorneys have "repeatedly and manipulatively

---

[1]  All material allegations in the complaint are assumed to be true for the purpose of this Order. See, e.g., Rogers v. City of Troy, N.Y., 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a pro se complaint for sua sponte dismissal, a court is required to accept the material allegations in the complaint as true).

[2]  Because of the method in which plaintiff numbers the paragraphs in the complaint, the Court also provides the page number as designated by ECF for ease of reference.

concealed" paperwork from plaintiff, including proof that he was indicted and that the Grand Jury returned a "'true bill' to indict plaintiff." (Id. at 4−5 ¶¶ 3−4)  Plaintiff also alleges that these attorneys "have refused to file any motions to challenge [the] faulty indictment, and have withheld grand jury documents" from plaintiff. (Id. at 5 ¶ 7.)  Further, plaintiff claims that these attorneys have "conspired with the Court to improperly accuse plaintiff of being 'crazy' and maliciously consented to a Mental Hygiene Law Section 730 exam—which was unfounded." (Id. ¶ 8.)

In addition, plaintiff claims that he was entitled to a preliminary hearing within 144 hours of his arrest and that he did not waive his right to the hearing. (Id. at 7 ¶ 12.)  Nevertheless, plaintiff claims that no hearing was scheduled and alleges that Nassau County has a practice and custom whereby "Legal Aid and the DA's office" agree to waive a detainee's right to a timely felony exam so as to allow the DA additional time to prepare its case for the grand jury. (Id. at 7−8 ¶ 15.)  Plaintiff claims such practice violated his right to effective assistance of counsel as well as to due process of law. (Id. at 8 ¶ 16.)

Plaintiff also challenges a practice he claims exists in Nassau County Court whereby criminal defendants are not permitted to proceed pro se. (Id. at 8−9 ¶ 17.)  According to the complaint, the Nassau County Court "has a form [order]" which allegedly denies all pro se motions because the "defendant is represented by counsel." (Id.)  Plaintiff claims this practice violates his due process rights. (Id. at 9−11.)  Finally, plaintiff complains that although he testified on his own behalf during the grand jury proceeding, he was not permitted to introduce documentary evidence during that proceeding. (Id. at 12 ¶ 27.)  Plaintiff claims that he was entitled to submit such evidence by N.Y. C.P.L. § 190.50(5)(a). (Id. ¶ 28.)

As a result of the foregoing, plaintiff claims to have suffered severe emotional distress and seeks to recover compensatory and punitive damages of "one million dollars for each

3

defendant . . . [and] compensatory damages in the amount of $7,500 per day of incarceration which accrues to present day, and $500,000 for time away from [my] daughter and wife." (Id. at 14.)

## II. DISCUSSION

**A.    In Forma Pauperis Application**

Upon review of plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's application to proceed in forma pauperis is granted.

**B.    Standard of Review**

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the in forma pauperis statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

Pro se submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the court is required to read the plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam) (citation omitted); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that pro se complaints need not plead specific facts; rather the complaint "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted); cf. Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.   Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law[.]" Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting

5

Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)) (internal quotation marks omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.; see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1.     Claims Against the Nassau County Court and DA Singas

Plaintiff's claims against the Nassau County Court and DA Singas must be dismissed because states, their agencies, and state officials acting in their official capacity are protected by sovereign immunity as guaranteed by the Eleventh Amendment. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment bars suits for damages against states, state agencies, and state officials acting in their official capacity, absent the state's consent to suit or an express or statutory waiver of immunity. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (citation omitted). The Nassau County Court is an agency of the State. See Brown v. N.Y. State Supreme Court for the Second Judicial Dist., No. 09-CV-234, 2009 WL 412131, at *2 (E.D.N.Y. Feb. 17, 2009). Accordingly, plaintiff's claims against the Nassau County Court are dismissed pursuant to 28 U.S.C. § 1915A(b)(2) and § 1915(e)(2)(B)(iii).

With regard to plaintiff's Section 1983 claims against DA Singas, the Eleventh Amendment divests this Court of subject matter jurisdiction over any claim for monetary damages against a state actor acting in her official capacity. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was

6

not intended to override a state's sovereign immunity." Mamot v. Board of Regents, 367 Fed. App'x 191, 192 (2d Cir. 2010) (citations omitted). Where, such as here, a district attorney is sued for damages in his or her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York. See Amaker v. N.Y. State Dept. of Corr. Servs., 435 F. App'x 52, 54 (2d Cir. 2011) (citing Ying Jing Gan v. City of New York, 996 F.2d 522, 529 (2d Cir. 1993) (holding that a district attorney and an assistant district attorney sued in their official capacities "benefited from New York's Eleventh Amendment immunity against suit"). Thus, the Eleventh Amendment precludes any claim for monetary damages against DA Singas in her official capacity.[3] See Rodriguez v. Weprin, 116 F.3d 62, 66 (2d Cir. 1997). Accordingly, plaintiff's claims against DA Singas are not plausible and are thus dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1)–(2).

### 2. Claims Against Groder, Monteleone, and Rha

As noted above, in order to state a Section 1983 claim, a plaintiff must allege, inter alia, that the conduct challenged was "committed by a person acting under color of state law." Cornejo, 592 F.3d at 127 (citation omitted). Here, Groder, Monteleone and Rha are alleged to have represented plaintiff as defense counsel in the underlying state court prosecution. Plaintiff suggests that these attorneys are employed by the Legal Aid Society, but it is unclear whether they were privately retained or appointed by the Court. However, such distinction is irrelevant because a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981); Rodriguez, 116 F.3d at 65−66. Thus, because Gorder, Monteleone and Rha are private actors, they do not act under color of state law. However, private

---

[3] Because plaintiff does not allege any personal involvement on the part of DA Singas, plaintiff has not stated a claim against DA Singas in her individual capacity.

actors, such as Groder, Monteleone and Rha, may be considered to be acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. Cnty. of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. Id. at 323−24.

To state a plausible Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324−25. Here, plaintiff has not alleged any facts from which the Court could liberally construe that Groder, Monteleone or Rha engaged in joint activity with a state actor or conspired with a state actor to deprive plaintiff of some constitutional right. Thus, plaintiff has not alleged a plausible conspiracy claim. Because Groder, Monteleone and Rha are not state actors, there is no legal basis for a Section 1983 claim against them. See, e.g., Polk County, 454 U.S. at 325. Accordingly, plaintiff's Section 1983 claims against them fail as a matter of law and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(2).

### 3. Claims Against Nassau County, Det. Carroll, and Det. Marmaro

Given plaintiff's allegations that he was arrested without probable cause, together with his allegation that his co-defendant admitted to acting alone, the Court liberally construes his complaint to allege claims of false arrest and malicious prosecution. Under New York law, to state a claim for false arrest, a plaintiff must show that: "'(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) (alteration in original) (quoting Broughton v. State,

8

37 N.Y.2d 451, 456 (1975)). To establish a claim of malicious prosecution under New York law, "a plaintiff must prove: '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions.'" Manganiello v. City of New York, 612 F.3d 149, 161 (2d Cir. 2010) (quoting Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997)).

Given that plaintiff is awaiting trial on the charges stemming from the challenged arrest and prosecution, he has not—and cannot—allege that the prosecution terminated in his favor. A conviction would establish probable cause, thereby negating his false arrest claims. Accordingly, plaintiff's false arrest claims are stayed pending the outcome of plaintiff's state court criminal proceedings. See Wallace v. Kato, 549 U.S. 384, 393–94 (2007) ("If a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court . . . to stay the civil action until the criminal case or the likelihood of a criminal case is ended.").

Similarly, to the extent plaintiff alleges a violation of his Sixth Amendment right to a speedy trial and that he has been maliciously prosecuted in violation of the Fourth Amendment and/or the Fourteenth Amendment's due process clause, such claims are premature. In order to adequately plead claims under Section 1983 that he was tried and convicted in violation of his Sixth Amendment right to a speedy trial, plaintiff must allege that the state court criminal proceedings terminated in his favor. Montane v. Pettie, No. 10-CV-4404, 2012 WL 1617713, at *3 (E.D.N.Y. May 8, 2012). Moreover, for a valid malicious prosecution claim under Section 1983, a plaintiff must allege, inter alia, that the criminal proceeding terminated in plaintiff's favor. Boyd v. City of N.Y., 336 F.3d 72, 76 (2d Cir. 2003).

Because plaintiff's state court criminal proceedings are still pending, he cannot allege a termination in his favor. Accordingly, plaintiff's speedy trial and malicious prosecution claims

are not plausible and are dismissed without prejudice. The Clerk of the Court is directed to administratively close this case. **Plaintiff shall request, in writing, that his case be reopened within two (2) weeks of the conclusion of his state court criminal proceedings.**

### III.  CONCLUSION

For the forgoing reasons, the plaintiff's application to proceed in forma pauperis is granted, but plaintiff's claims against the Nassau County Court, DA Singas, Groder, Monteleone, and Rha are sua sponte dismissed for failure to allege a plausible claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1). Plaintiff's speedy trial and malicious prosecution claims against Nassau County, Det. Carroll and Det. Marmaro are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1). Plaintiff's false arrest claims against Nassau County, Det. Carroll and Det. Marmaro are stayed pending the conclusion of his underlying state court criminal prosecution. **Plaintiff shall request, in writing, that his case be reopened within two (2) weeks of the conclusion of his state court criminal proceedings, if so warranted. Plaintiff is advised that a failure to seek leave to reopen this action within two (2) weeks of the termination of the underlying criminal proceedings against him may result in the dismissal of his Section 1983 claims with prejudice.**

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444−45 (1962).

**SO ORDERED.**

Dated: August 25, 2016
Central Islip, New York

                                         /s/ JMA
                              JOAN M. AZRACK
                              UNITED STATES DISTRICT JUDGE

10